```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


JOSEPH HUBERT DREILING,

                              Plaintiff,
                                                    CIVIL ACTION
          vs.                                       No. 04-3451-GTV

RANDY HENDERSON, et al.,

                              Defendants.
```

## ORDER

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. 1983 while he was a prisoner confined in the Reno County Detention Center in Hutchinson, Kansas. Plaintiff seeks damages and injunctive relief on allegations concerning the denial of his requests for competent medical and mental health treatment while he was in the Reno County facility, and on allegations of corruption in Reno County law enforcement based on November 2002 events underlying plaintiff's present criminal conviction.

By an order dated February 23, 2005, the court directed plaintiff to show cause why the complaint should not be dismissed because plaintiff's allegations stated no claim for relief against the two defendants named in the complaint.[1] Specifically, the court directed plaintiff to amend the complaint to allege facts sufficient to show each defendant's deliberate indifference to plaintiff's medical needs, and each defendant's personal

---

[1] The defendants named in the complaint are Randy Harrison, the Reno County Sheriff, and Howard Shipley, a detective in the Reno County Drug Task Force.

participation in this alleged misconduct. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)(deliberate indifference); <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996)(personal participation). The court also found relief on plaintiff's November 2002 allegations were time barred, and that damages could be sought only upon a showing that judgment on these allegations would necessarily implicate the validity of his criminal conviction, and that said conviction had been overturned or otherwise invalidated. <u>Baker v. Board of Regents of State of Kan.</u>, 991 F.2d 628, 630-31 (10th Cir. 1993)(2 year statute of limitations); <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)(damages for unconstitutional conviction or confinement).

In response plaintiff seeks to add two defendants,[2] and argues all defendants are responsible for policies and management of the Reno County facility. Because plaintiff's response fails to adequately address any of the deficiencies identified in the February 23, 2005, order, the court finds the complaint is subject to being dismissed as stating no claim for relief pursuant to 28 U.S.C. 1995(e)(2)(B)(ii). Dismissal of the complaint thus would count as a "strike" for purposes of the "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

---

[2] Plaintiff seeks to add defendants Jan Gillian, a Reno County Detention Center nurse, and Scott Powell, the Administrator of the Reno County Detention Center.

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

However, plaintiff subsequently filed a motion to voluntarily dismiss his complaint.  In that motion, plaintiff states he now realizes his complaint "is neither correct or complete." (Doc. 14.)  He also requests "that any time limits for filing be nullified and time be granted, so that I may file a complete and proper case."  (Doc. 14.)

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, plaintiff is entitled to dismiss this action voluntarily "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed.R.Civ.P. 41(a)(1)(i). Nonetheless, it has been recognized that a prisoner may not avoid the consequences of the "3-strike" provision in 28 U.S.C. 1915(g) by seeking dismissal of the action without prejudice after the court has screened the complaint to determine whether the complaint should be dismissed as frivolous or malicious, as stating no claim for relief, or as seeking relief from defendants who are immune from such relief.[3]  Johnson v. Edlow, 37 F.Supp.2d 775 (E.D. Va. 1999)(action dismissed as malicious); Sumner v. Tucker, 9 F.Supp.2d 641 (E.D.Va. 1998)(action dismissed as frivolous). Additionally, plaintiff's motion for voluntary dismissal in the

---

[3] See 28 U.S.C. 1915A(a) and (b)(court to screen civil complaint filed by prisoner to identify cognizable claims and dismiss complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from such relief).

3

present case appears to be qualified by an included request that any complaint he re-files on the allegations herein not be subject to the statute of limitations. The court denies any such request.

Accordingly, the court concludes the complaint should be dismissed as stating no claim for relief. Plaintiff's qualified motion for voluntary dismissal of the complaint without prejudice is denied.

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss the complaint (Doc. 14) is denied.

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief, 28 U.S.C. 1915(e)(2)(B)(ii). The dismissal is without prejudice to seeking relief on any claim subject to Heck v. Humphrey, 512 U.S. 477 (1994).

**IT IS SO ORDERED.**

DATED: This 21st day of July 2005 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge